# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CAITLIN CLAIBORNE**                                              **CIVIL ACTION**

**VERSUS**                                                                        **NO. 21-25-BAJ-RLB**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 10, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAITLIN CLAIBORNE | CIVIL ACTION |
| VERSUS | NO. 21-25-BAJ-RLB |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Remand filed on February 26, 2021. (R. Doc. 4). Plaintiff has not made an appearance in this court.[1]

**I.    Background**

On or about September 5, 2019, Caitlin Claiborne ("Plaintiff") filed her Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, seeking alleged damages arising out of a motor vehicle crash. (R. Doc. 1-5). Plaintiff, who was a guest passenger in a vehicle for hire, sued the other driver Tamara V. Jeanlouis, Jeanlouis's automobile liability insurer, Geico, and Plaintiff's alleged uninsured/underinsured motorist coverage provider, James River Insurance ("James River"). (R. Doc. 1-5 at 3-5).

Plaintiff alleges that as a result of the crash she sustained bodily injuries, including neck and back pain. (R. Doc. Doc. 1-5 at 4). Plaintiff seeks recovery for pain, suffering, disability, mental distress, medical expenses, fear and fright, lost wages, loss of earning capacity permanent disability and loss of enjoyment of life, property damage, loss of consortium, and any other damages proven at trial. (R. Doc. 1-5 at 6). In the Petition, Plaintiff also alleges that she "stipulates that her damages do not exceed $50,000.00" in compliance with Louisiana Code of Civil Procedure article 893. (R. Doc. 1-5 at 6).

---

[1] Plaintiff's counsel is not admitted in the Middle District of Louisiana.

1

On January 10, 2020, the state court dismissed Plaintiff's claims against Jeanlouis and Geico, leaving James River as the sole defendant. (R. Doc. 1-7).

On or about November 4, 2020, Plaintiff sent James River a settlement demand in the amount of $74,999.00. (R. Doc. 1 at 3). Plaintiff then terminated her counsel, John J. Radziewicz, who sought intervention in the action on or about December 9, 2020, for the purposes of obtaining agreed upon fees and expenses. (R. Doc. 1-4).[2]

On January 10, 2021, James River removed the action asserting the Court has diversity jurisdiction under 28 U.S.C. §1332(a).(R. Doc. 1). James River asserts that removal does not violate the one-year time limit on removal in 28 U.S.C. § 1446(c)(1) because Plaintiff acted in bad faith by deliberately failing to disclose the amount in controversy in violation of 28 U.S.C. § 1446(c)(3)(B). (R. Doc. 1 at 2).

James River further asserts that the amount in controversy is facially apparent. (R. Doc. 1 at 6-7). James River represents that as of the time of removal its counsel "has been unable to confirm the amount in controversy" because no new settlement demand was made after the termination of Mr. Radziewicz as counsel. (R. Doc. 1 at 5, 7).

James River now seeks remand of this action on the basis that, after removal, Plaintiff executed a binding stipulation through her "new" counsel Scott P. Koloski that has been filed in state court, and that this post-removal stipulation divests the federal courts of subject matter jurisdiction. (R. Doc. 4). James River represents that the stipulation "states that the total amount of damages sought by Plaintiff does not exceed $75,000, exclusive of costs and interest, and that any judgment or award in excess of that amount shall be reduced by the Court to $75,000, exclusive of costs and interest." (R. Doc. 4 at 2). James River also represents that the stipulation "has been filed with the 19th Judicial District Court for the Parish of East Baton Rouge and is currently awaiting the signature

---

[2] Mr. Radziewicz remains Plaintiff's counsel of record. (*See* R. Doc. 2). It is unclear whether the Motion to Intervene was granted prior to removal.

of Judge Trudy M. White." (R. Doc. 4 at 2). While James River represents that the stipulation is attached to its Motion to Remand as Exhibit A, there is no such attachment.

**II.    Law and Analysis**

    **A.    Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that

the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.     Analysis**

The removing defendant, James River, seeks remand of this action on the basis that a binding stipulation filed by Plaintiff in state court means this Court "no longer has subject matter jurisdiction." (R. Doc. 4 at 3). While the Court finds it appropriate to remand this action for lack of subject matter jurisdiction, it is not because the post-removal stipulation divests this Court of jurisdiction. Remand is required because James River improperly removed this action in the first

place asserting that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1331(a).

As an initial issue, it appears that the parties in this action have improperly continued filing documents in state court notwithstanding the removal of this action. James River filed written notice of this removal in state court on the day of removal. (R. Doc. 1-6). Assuming James River provided written notice to Plaintiff of the removal, no further proceedings are allowed in state court "unless and until the case is remanded." 28 U.S.C. § 1446(d). In other words, the removal of this action divested the state court of jurisdiction. *See Wolf v. Deutsche Bank National Trust Co. for American Home Mortgage Invest. Trust 2007-1*, 745 Fed. App'x 205, 208 (5th Cir. 2018) (removal divests the state court of jurisdiction and precludes any state-court/federal-court conflict) (citations omitted). Any actions in State court after the removal of this action are improper.

Notwithstanding any improper post-removal filings in state court, the Court finds it appropriate to remand this action for lack of subject matter jurisdiction. In short, James River has not met its burden of establishing that this Court could properly exercise diversity jurisdiction at the time of removal.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL

5

1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

      Plaintiff alleges that she was a passenger in an automobile involved in a crash, required medical attention, and sustained various injuries and damages. The Petition provides no specific information, however, regarding the injuries and damages incurred by Plaintiff as a result of the accident. Furthermore, Plaintiff specifically alleges in her Petition that the amount in controversy did not exceed $50,000. (R. Doc. 1-5 at 6); *see* La. Code. Civ. P. art. 893(A)(1) ("The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required."). This allegation supports a finding that the amount in controversy is not facially apparent. *See Johnson v. Sentry Select Ins. Co.*, No. 17-1626, 2018 WL 4512190, at *6 (M.D. La. July 6, 2018) (amount in controversy not facially apparent where plaintiffs alleged in the petition that none of their claims exceed $74,999.99); *see also Palmer v. Wal-Mart Stores, Inc.*, No. 09-225, 2009 WL 2136513, at *2 (M.D. La. June 16, 2009) (amount in controversy is not facially apparent where the plaintiff specifically alleged in the petition that her damages do not exceed the jurisdictional requirement for a state court jury trial as provided in Article 1732 of the Louisiana Code of Civil

Procedure, namely $50,000.00 exclusive of interest and costs), *report and recommendation adopted*, 2009 WL 10679393 (M.D. La. July 16, 2009). In the absence of any specific details in the Petition regarding the alleged injuries and damages incurred by Plaintiff, the Court concludes that the amount in controversy is not facially apparent.

The issue, therefore, becomes whether James River has otherwise established through facts in controversy that the amount in controversy requirement was satisfied at the time of removal. James River submits no summary judgment type evidence in support of a finding that the amount in controversy was satisfied at the time of removal. Despite over a year of discovery in the state court action, James River does not submit any medical records supporting a finding that Plaintiff is seeking damages over the jurisdictional amount. At most, James River submits a pre-removal settlement demand for less than the amount in controversy. James River has not met its burden of demonstrating that this settlement demand supports a finding that the amount in controversy is satisfied.[3]

Even if the Court could properly exercise diversity jurisdiction at the time of removal, the post-removal stipulation would not divest the court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (stating that the post-removal stipulation of damages for less than the minimum amount in controversy did not divest the district court of jurisdiction) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292). At most, the post-removal stipulation (which has not been presented to the Court) is additional evidence that the removing

---

[3] This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F. 3d 908 (5th Cir. 2002); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir. 1994)). James River does not submit a copy of the pre-removal settlement demand, so the Court cannot review its contents.

defendant has failed to meet its burden that the amount in controversy was ever satisfied. *See Gebbia*, 233 F.3d at 883 ("[P]ost-removal affidavits may be considered in determining the amount in controversy… if the basis for jurisdiction is ambiguous at the time of removal."). Accordingly, remand is appropriate because the instant removal was improper and James River has failed to meet its burden of demonstrating that the amount in controversy was satisfied at the time of removal.[4]

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Remand (R. Doc. 4) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on March 10, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] While the Court need not specifically address the timing of the instant removal, James River's argument that the "bad faith" exception to the one-year removal period in 28 U.S.C. § 1446(c)(1) is implicated is tenuous at best. In short, James River has presented no evidence that the amount in controversy requirement is satisfied, much less that Plaintiff acted in bad faith by deliberately failing to disclose the amount in controversy in violation of 28 U.S.C. § 1446(c)(3)(B). Indeed, even had Plaintiff sought to *amend* the Petition to allege that the amount in controversy exceeded the amount required for federal jurisdiction, such amendment would not necessarily demonstrate bad faith. *See LeBlanc v. Crowley Marine Servs., Inc.*, No. 20-00049, 2020 WL 8176124, at *3 (W.D. La. Oct. 15, 2020) ("We do not find anything suspicious about the timing of plaintiffs amended complaint and do not find that it was done in bad faith in order to prevent removal. There was a significant gap between the one-year removal deadline and plaintiffs' amendment—one year and three months."), *report and recommendation adopted sub nom. LeBlanc v. Crowley Marine Serv. Inc.*, 2021 WL 147074 (W.D. La. Jan. 14, 2021). The Court also notes that regardless of the amount in controversy, non-diverse defendants were present beyond the one-year removal period. There is no allegation that those claims were improper or otherwise intended to defeat jurisdiction, and the Partial Joint Motion and Order of Final Dismissal (R. Doc. 1-7) indicates that those claims were settled. Given Plaintiff's own failure to make an appearance, the Court will not award any costs or expenses incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The Court notes, however, that this removal appears to have been objectively unreasonable and resulted in the waste of judicial resources.